J-S07022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER BETANCOURTH :
:
Appellant : No. 1997 EDA 2022

Appeal from the Judgment of Sentence Entered September 13, 2017,
in the Court of Common Pleas of Lehigh County,
Criminal Division at No(s): CP-39-CR-0004143-2016,
CP-39-CR-0004144-2016, CP-39-CR-0004145-2016,
CP-39-CR-0004272-2016.

BEFORE: DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED MAY 19, 2023**

Christopher Betancourth appeals from the judgment of sentence imposed after he pled guilty to several offenses. Additionally, Betancourth's counsel asked to withdraw representation and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). Upon review, we deny counsel's petition with instructions.

On July 26, 2017, Betancourth plead guilty in four separate cases to person not to possess a firearm, robbery (two cases), and receiving stolen property. The trial court sentenced Betancourth to an aggregate term of 6 1/2 to 14 years' incarceration. Betancourth did not file a post-sentence motion or an appeal.

On July 12, 2018, Betancourth filed a Post Conviction Relief Act[1] petition. The court appointed counsel, who filed a motion to withdraw as counsel pursuant to a **Turner/Finley** letter, which was granted. Thereafter, the PCRA court held a hearing on the merits and denied the PCRA petition on November 21, 2018.

On December 7, 2018, Betancourth filed a post-sentence motion. In part, he asked to withdraw his guilty plea. On December 11, 2018, the trial court denied this motion. That same day, Betancourth appealed the court's order denying him relief under the PCRA.

On appeal, this Court reversed and remanded because the court held an evidentiary hearing on the merits, and Betancourth was entitled to have counsel represent him at the PCRA hearing or be colloquized on the record to waive his right to counsel and proceed *pro se*.

Upon remand, counsel was appointed, an amended petition was filed, and a second evidentiary hearing was held. The court granted PCRA relief and reinstated Betancourth's direct appeal rights.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

Betancourth filed this timely appeal.[2]  Counsel filed an **Anders** brief with this Court but did not file a separate petition to withdraw.  Betancourth did not retain independent counsel or file a *pro se* response to the **Anders** brief.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.  **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010).  Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new

---

[2] The notice of appeal lists all four trial court docket numbers, in contravention of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that an appellant is required to file separate notices of appeal when a single order resolves issues arising on more than one trial court docket).  However, the PCRA court's July 1, 2022, order advised that "[Betancourth] is granted leave to file **an** appeal to the Superior Court of Pennsylvania within thirty (30) days of the date of this Order."  (emphasis added).  In **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), this Court declined to quash an appeal where the trial court's order dismissed two PCRA petitions, and the trial court, in advising appellant of his rights, referred to a singular notice of appeal.  Moreover, in **Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) (en banc), this Court held that "we may overlook the requirements of **Walker** where [. . .] a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights."  **Larkin**, 235 A.3d at 354.  We therefore decline to quash Betancourth's appeal for this procedural defect.

counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and required that the brief:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Once counsel has satisfied the ***Anders*** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Instantly, although counsel filed an ***Anders*** brief, he did not file a separate petition to withdraw representation with this Court. Instead, counsel included his petition to withdraw as a document within his brief. Nevertheless, we may treat this as a request to withdraw. ***See Commonwealth v. Fischetti***, 669 A.2d 399 (Pa. Super. 1995). (explaining "the more desirable

- 4 -

practice would be to submit a separate withdrawal request to the court"). Therein, counsel indicated that he "determined that there are no meritorious appellate issues."[3] Further, the **Anders** brief substantially comports with the requirements set forth by our Supreme Court in **Santiago**.

Finally, although counsel included a copy of the letter that he sent to Betancourth stating counsel's intention to seek permission to withdraw and advising Betancourth of his right to proceed *pro se* or retain new counsel, the letter does not inform Betancourth that he may raise additional points. Additionally, the certificate of service attached to the **Anders** brief does not indicate that it was sent to Betancourth but instead lists another individual's name. And, although the **Anders** brief indicates that it was sent to Betancourth and that it was to be enclosed with the letter, the letter does not indicate that there were any enclosures. Thus, we cannot be sure that Betancourth was actually provided with a copy of the brief and petition to withdraw as required.

Accordingly, as counsel has not complied with the procedural requirements for withdrawing from representation, we are compelled to deny counsel's request to withdraw and remand this matter with instructions to

---

[3] We remind counsel to state in his petition that, **"after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous." Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007) (emphasis added).

ensure Betancourth's constitutional rights are afforded to him. Counsel shall either comply with **Anders** or file an advocate's brief on Betancourth's behalf within 30 days of this decision.

Petition to withdraw denied. Jurisdiction retained.